UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11515-RGS

VINCENT VAIANO

v.

APPLE INC.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

July 10, 2024

STEARNS, D.J.

Plaintiff Vincent Vaiano, an iPhone owner, sues defendant Apple Inc. for breach of contract, breach of the covenant of good faith and fair dealing, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, and violations of Mass. Gen. Laws ch. 93A. Apple moves to dismiss for failure to state a claim. For the following reasons, the court will allow the motion.[1]

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[1] Vaiano failed to file any opposition by the deadline (with application of the mailing rule, July 5, 2024).

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Two basic principles guide the court's analysis.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.  A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

"Because plaintiff is proceeding *pro se*, the complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Tibbs v. Gender Dysphoria Grp.*, 2024 WL 1773863, at *3 (D. Mass. April 24, 2024), quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "Where the court cannot ascertain the nature and basis of any legitimate claims, however, it is under no obligation to rewrite the pleadings on their behalf."  *Id.*

## I. Contract Claims (Counts I & II)

"In order to state a viable breach of contract claim under Massachusetts law, [a] plaintiff[] must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff[]

2

sustained damages as a result of the breach." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007).

Vaiano stumbles at the first step. Although he cursorily states that he "entered into a contract with" Apple, *see* Compl. [Dkt # 1-1] ¶¶ 53, 58, he fails to "describe the alleged terms of the contract with enough specificity to provide a defendant with the requisite notice of the nature of the claim," *Foss v. Marvic*, 365 F. Supp. 3d 164, 167 (D. Mass. 2019), *aff'd sub nom. Foss v. Marvic Inc.*, 994 F.3d 57 (1st Cir. 2021); *see also Brooks*, 480 F.3d 579, 586 (1st Cir. 2007) ("Plaintiffs also must do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with 'substantial certainty,' the specific contractual promise the defendant failed to keep."). Counts I and II[2] accordingly must be dismissed.

## II. Privacy Claim (Count III)

Because "Massachusetts has never recognized a common-law cause of action for invasion of privacy," Vaiano's claim must arise from the privacy statute. *Webb v. Injured Workers Pharmacy, LLC*, 2023 WL 5938606, at *4 (D. Mass. Sept. 12, 2023), quoting *Axford v. TGM Andover Park, LLC*, 2021

---

[2] "[T]he implied covenant of good faith and fair dealing governs conduct of parties after they have entered into a contract; without a contract, there is no covenant to be breached." *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 230 (1st Cir. 2005).

WL 681953, at *13 (D. Mass Feb. 22, 2021). "A plaintiff bringing a statutory invasion of privacy claim must plead two elements: '[1] a gathering and dissemination of facts of a private nature that [2] resulted in an unreasonable, substantial, or serious interference with his privacy.'" *Id.*, quoting *Hayes v. Mirick*, 378 F. Supp. 3d 109, 117 (D. Mass. 2019).

Although Vaiano broadly alleges that Apple accessed his "personal information and data," Compl. ¶¶ 8, 11, 14, 33, he fails to provide any further detail to identify the relevant "facts of a private nature," flouting the notice pleading requirement. His cursory allegations of dissemination, moreover, fall short of plausibly demonstrating substantial or unreasonable interference with his privacy. Count III accordingly must be dismissed.

## III. Intentional Infliction of Emotional Distress (Count IV)

"To state a claim for intentional infliction of emotional distress under Massachusetts law, a plaintiff must allege '(1) that the defendant either intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct caused the plaintiff emotional distress; and (4) that the emotional distress was severe and of a nature that no reasonable person could be expected to endure it.'" *Brown v. JPMorgan Chase & Co.*, 2023 WL 3511363, at *3 (D. Mass. May 17, 2023),

quoting *Hussain v. Hosking*, 2016 WL 696095, at *3 (D. Mass. Feb. 19, 2016); *see also Howcroft v. Peabody*, 51 Mass. App. Ct. 573, 596 (2001). "To be considered extreme and outrageous, the defendant's conduct must be beyond all bounds of decency and . . . utterly intolerable in a civilized community." *Jones v. Maloney*, 74 Mass. App. Ct. 745, 750 (2009) (internal quotation marks and citation omitted).

The Complaint lacks any factual allegations which might plausibly allow the court to infer that Apple engaged in any "extreme" or "outrageous" conduct, let alone that it did so with the requisite intentional or knowing intent. Count IV accordingly must be dismissed.

## IV. Negligent Infliction of Emotional Distress (Count V)

"To state a claim for negligent infliction of emotional distress under Massachusetts law, a plaintiff must allege '(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.'" *Brown*, 2023 WL 3511363, at *3 (D. Mass. May 17, 2023), quoting *Payton v. Abbott Labs*, 386 Mass. 540, 557 (1982).

Again, the pleading falls short. Vaiano does not allege any facts from which the court can plausibly infer that Apple owed him any duty of care.

Nor does he allege emotional distress with sufficient specificity to survive a motion to dismiss. *See Sullivan v. Bos. Gas Co.*, 414 Mass. 129, 137 (1993) ("In order to satisfy *Payton*, plaintiffs must provide an objective corroboration of the emotional distress alleged. A successful negligent infliction of emotional distress claim, in other words, must do more than allege mere upset, dismay, humiliation, grief and anger.") (internal quotation marks and citations omitted). Count V accordingly must be dismissed.

## V.     Chapter 93A (Count VI)

Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Law ch. 93A, § 2. "A practice or act is unfair under Chapter 93A if it is (1) within the penumbra of a common law, statutory, or other established concept of unfairness; (2) immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to competitors or other business people." *Leet v. Cellco P'ship*, 480 F. Supp. 2d 422, 434 (D. Mass. 2007) (internal quotation marks and citations omitted). And a practice is deceptive "if it has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently than they otherwise would have." *Gottlieb v. Amica Mut. Ins. Co.*, 57 F.4th 1, 9-10 (1st Cir. 2022) (internal quotation marks and citations omitted).

Vaiano has not identified any misrepresentations on the part of Apple, and none of the conduct alleged in the Complaint rises to the level of unfair or unethical. Count VI accordingly must be dismissed.

## ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>. The Clerk will dismiss the case.

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE